No. 10,210
Orleans

GLOBE CONSTRUCTION COMPANY, INC., v. DR. J. S. HUHNER, Appellant

(November 30, 1925, Opinion and Decree.)

(*Syllabus by the Court.*)

1. **Louisiana Digest—Bills and Notes—Par. 216.**

Where the maker of a note pleads that he was induced to sign same by fraudulent misrepresentations made by the payee's agent, the burden is upon him to establish such a defense by convincing proof.

Appeal from the First City Court. Hon. William Alexander Bahns, Judge.

This is a suit for the collection of a promissory note. Judgment for plaintiff and defendant appealed.

Judgment affirmed.

H. M. Ansley, of New Orleans, attorney for plaintiff, appellee.

Martin E. Kranz, of New Orleans, attorney for defendant, appellant.

BELL, J. This is a suit brought on a ninety days' promissory note which defendant admits having signed and executed in favor of plaintiff for the sum of $210.00, with interest and attorney's fees, as therein stipulated. The consideration of the note is the unpaid balance of the purchase price of twenty-eight shares of stock in the plaintiff company at par value of $10.00 per share, or the total sum of $280.00, upon which cash payment of $70.00 was made by the defendant at the time of the execution of the note on March 14, 1923. Defendant filed exceptions of no cause of action, and at the same time, by way of special defense, pleaded that he was induced to execute the note and to buy the stock aforementioned upon false representations of plaintiff's sales agent, who, with plaintiff's knowledge and authority, represented to defendant that the plaintiff company

was about to be taken over by another corporation or syndicate, and that the latter would purchase, at date of the contemplated consolidation, all outstanding stock of the plaintiff company at $14.00 per share, that is, at an advance price of $4.00 per share over that which defendant, as a subscriber, would have to pay; that this agent further advised defendant that the plaintiff company was only offering its stock to old stockholders, and that the placing of a deposit in cash on the stock, and the signing of a promissory note for the balance of the purchase price, would place the stock in the name of purchaser and that, consequently, the syndicate taking over said stock at the time of the transfer would be bound to pay the holders, in accordance with the plan, a profit of $4.00 on each and every share purchased prior to the amalgamation, and that the names of those stockholders appearing on the books at the time of the merger would secure this benefit; that the agent further represented to defendant that the plaintiff company would never attempt to collect the unpaid balance due on the stock subscribed for, and as represented by the note as given, but that said company would hold said note simply for the purpose of displaying to the syndicate company proof of the purchase of the stock. It is finally alleged that these representations as made by the agent of the plaintiff company were fully vouched for and approved by the president of said company.

Defendant's own testimony is the only evidence which we are able to find in the record in any manner supporting the defense here offered. Three other witnesses for defendant testified that agents offering stock for sale made such representations similar to those contended for by defendant, but none of those witnesses are able to give the names of such agents, nor do any of them undertake to state that the particular agent, Mr. Mazur, whom defendant says solicited him, was the agent who also solicited them, for purchase of stock. This evidence, in our opinion, is immaterial and irrelevant and of no probative value whatever.

Both the president and vice-president of the plaintiff company swear positively that they never authorized or knew of such representations being made in respect to the sale of the company's stock. The burden of proving the alleged fraudulent misrepresentations lies wholly with the defendant, and the law requires that in such cases abundant and convincing proof of such fraud must be established. The charge, if fully substantiated, would not, in our opinion, redound to the credit of defendant. He admits that he signed a negotiable instrument which, under the conditions contended for, he would feel at liberty to repudiate. In Harvey vs. Nolan, et al., No. 8105 Orl. App., this Court has held:

"One who voluntarily affixes his signature to a written instrument obligates himself to the very tenor thereof, and he will not be permitted to say that he did not intend to so obligate himself, but, meant to bind himself only conditionally, or even not at all. Signatures to obligations are not mere ornaments, and parties will not be relieved therefrom, simply because they did not know or did not intend what they signed."

It is a significant fact that though defendant was a stockholder in the plaintiff company at the time he was solicited concerning the purchase of additional shares, he never availed himself of the opportunity or privilege accorded him as a stockholder to investigate the company's affairs or to verify the alleged plan for amalgamation of the company. As already noted, it is alleged in defendant's answer that the president of the company vouched for, approved and corroborated the representations of the agent. Defendant offers no evidence whatever to support this averment; on the con-

trary, he testifies, on cross-examination, as follows:

"Q. You signed the note and gave it to Mr. Mazur?
"A. Yes, sir.
"Q. At the same time you signed that subscription blank you signed the note?
"A. Yes, sir.
"Q. And you gave it to Mr. Mazur?
"A. Yes, sir.
"Q. Did you at any time from the date that you gave that note until that note fell due—did you go to see the Globe Construction Company or consult with any of its officers with reference to the statements of this salesman?
"A. No, sir, I did not.
"Q. You waited until the note was due?
"A. Positively.
"Q. And then you made this statement to the company?
"A. Yes, sir."

The judgment appealed from should be affirmed. It is so ordered.